# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00708-CR

**Jason Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. C-1-CR-08-210292, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jason Johnson guilty of assault, with a special finding of family violence. *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2008); Tex. Code Crim. Proc. Ann. art. 42.013 (West 2006). The trial court assessed punishment at 180 days in jail. In a single point of error, appellant contends the trial court erred by refusing to instruct the jury on the law of self-defense and defense of a third person. We affirm.

The complaining witness was appellant's wife, Courtney Johnson. Appellant, Courtney, the couple's four-year-old daughter Alissa, and appellant's mother Johnnie Johnson shared a residence. Courtney testified that on the night in question, she returned home from work just after 10:00 p.m. to find Alissa was still awake. Alissa asked Courtney if she could sleep with her grandmother. Courtney testified, "I responded a little harshly to her, raised my voice, told her no she couldn't sleep in there and I tried to explain to her why, but in a not so nice tone." Both appellant

and Johnnie told Courtney that she should not speak to the child that way, and Courtney and appellant began to argue. Courtney testified, "I was very angry. I was using cuss words. The situation that was at hand had made me pretty angry and so I was responding to that situation." Courtney said that when Johnnie tried to intervene, "I once again not so nicely, and not using proper words, I went after her and told her it wasn't any of her business that it was between me and Jason."

Courtney testified that she left the living room where the argument had begun and went to the bedroom she shared with appellant. Appellant followed her to the bedroom and "the fight escalated." Courtney said that appellant slapped her face, and "I fell backwards onto the bed, and then he got on top of me and had his hands around my throat." Appellant was "very angry," "definitely not himself," and he told Courtney that "he ought to f—ing kill me bitch." Eventually, appellant stopped choking Courtney, picked her up, opened the nearby door to the garage, and threw her onto the garage floor. Courtney ran to a neighbor's house and called the police.

Johnnie Johnson testified that during the argument with appellant, Courtney was "screaming and hollering" and "every other word was profanity." Johnnie tried to calm Courtney, but "the more I talked with her or tried to the worse she got, she just was uncontrollable." Johnnie said that Courtney "was in my face and cussing me and telling me it wasn't my business and to shut up." Johnnie testified that as the argument continued, Courtney "would advance on [appellant], you know, and he would push her back." Johnnie testified that Courtney "started flailing at" appellant, and appellant took her to the bedroom. Johnnie followed appellant and Courtney into the bedroom and again tried to intervene to stop the argument. Courtney continued to curse Johnnie, and appellant "put her over on the bed and he straddled her and he told her, 'You do not talk to my

2

mother like that, I don't talk to my mother like that and this is her house.'" Johnnie testified that appellant used one hand to hold Courtney's neck or shoulder, but she denied that appellant was trying to strangle Courtney. Johnnie testified that when appellant and Courtney went to the garage, "[T]hey were screaming and hollering and she was trying to scratch him and claw at him . . . ." Appellant "was pushing her away. His arms are longer than hers because she's little, and he could just hold her back kind of like that."

At the charge conference, defense counsel asked for instructions on self-defense and defense of a third person. *See* Tex. Penal Code Ann. § 9.31 (West Supp. 2008); § 9.33 (West 2003). The court denied the request for a defense of a third person instruction, but granted, over the State's persistent objections, the request for a self-defense instruction. The court then took a recess, instructing the parties, "Go fix the charge." When proceedings on the record resumed, there was no self-defense instruction in the charge. Defense counsel, noting that the charge contained a special issue asking the jury to decide if the offense involved family violence, asked the court to add to the charge the applicable statutory definition of "family violence." *See* Tex. Fam. Code Ann. § 71.004 (West 2008). Counsel continued:

I'm going to go ahead and read it if I may, Your Honor.

THE COURT: Yes, sir.

[Counsel]: "An act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault, or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself." *In this instance we do not believe that we're reaching the issue of self-defense and it's not requested in this charge*, but we are talking about defensive measures, i.e. backing up, trying to avoid

3

the confrontation and so forth, and there's evidence of that from the police and from Johnnie Johnson.

(Emphasis added.)  The State objected that "defensive measures to protect oneself" were equivalent to self-defense, and the trial court denied the request.  The court asked if there were any further objections to the charge, and both parties answered in the negative.

Appellant's point of error is not that the trial court erred by refusing to define "family violence," but that the court erred by refusing to instruct the jury on self-defense.  The record reflects, however, that the trial court granted appellant's request for a self-defense instruction.  For whatever reason, appellant abandoned the self-defense issue during the trial recess.  After the charge was prepared, counsel told the court that a self-defense instruction was "not requested in this charge."  Appellant cannot now complain that he was denied a self-defense instruction.

Nor is error shown with respect to the trial court's refusal to instruct the jury on defense of a third person.  Under penal code section 9.33, a person is justified in using force to protect a third person in any situation in which the third person would be justified in using force to protect herself.  *Hughes v. State*, 719 S.W.2d 560, 564 (Tex. Crim. App. 1986).  The use of force against another is not justified in response to verbal provocation alone.  Tex. Penal Code Ann. § 9.31(b)(1).  Although there is evidence that Courtney spoke harshly to Alissa and was verbally abusive toward Johnnie, appellant cites no evidence that Courtney used or attempted to use physical force against either of them.  Because there is no evidence that would support a finding that either Alissa or Johnnie was justified in using force against Courtney in self-defense, the trial court did not err by refusing appellant's requested instruction on defense of a third person.

4

The point of error is overruled, and the judgment of conviction is affirmed.


_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   October 14, 2009

Do Not Publish